IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUETTE TRANSPORTATION CO., et al. | |
| Plaintiffs, | |
| v. | Case No. 06 C 4506 |
| | 06 C 4507 |
| TRINITY MARINE PRODUCTS, et al. | 06 C 4508 χ |
| | 06 C 4509 |
| | HONORABLE CHARLES R. NORGLE |
| Defendants. | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is the Complaint in this action, along with three related cases transferred from the Eastern District of Louisiana, pursuant to a bankruptcy petition filed by Defendant International Zinc ("IZ"). On November 17, 2006, the Bankruptcy Court granted IZ's motion to voluntarily dismiss the bankruptcy petition. Because IZ's bankruptcy was the sole basis for the transfer of these cases, the court, *sua sponte*, transfers this case to the Eastern District of Louisiana.[1]

## I. BACKGROUND[2]

A. Facts

---

[1] The court notes that it would be within its discretion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3), for lack of venue. However, the court believes that transfer of venue under § 1404 is the more prudent and equitable course of action.

[2] The background information is taken from Complaint, Plaintiff's Motion to Remand, and Defendant's Response to the Motion to Remand.

1

In 2003, Plaintiff Waxler Transportation Company ("Waxler") filed the original class action complaint in this case in the state court of Louisiana. Waxler and the Class allege state law claims for breach of contract, breach of warranty, and fraudulent misrepresentation against Trinity Marine Products, Inc., Jotun Paints, Inc. Lee Engineering Supply Co., Inc., Molecular Architects, IZ, Valspar Corp., and Polyset Co., Inc. (hereafter "Defendants"). Specifically, Waxler and the Class seek damages to four barges Waxler owns, and approximately 3,000 of the Class' barges, allegedly caused by a defective wax-based coating called Duro-Seal. Duro-Seal is an aerosol spray designed to prevent steel corrosion. According to the complaint, Trinity sold the barges to Waxler and the Class, and the other Defendants manufactured, sold, and distributed Duro-Seal.

## B. Procedural History

On February 15, 2006, IZ, a Delaware corporation with its principle place of business in New York filed a voluntary Chapter 7 Bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. In response, Trinity removed its state case to the United States District Court for the Eastern District of Louisiana. Trinity alleged that this litigation relates to IZ's bankruptcy case.

Then, on August 18, 2006, this case was transferred to the Northern District of Illinois. In addition to Case No. 06-C-4506, three additional civil actions were assigned to this court: <u>ACF Acceptance Barge I, LLC., v. Trinity Marine Prods.</u>, Case No. 06-C-4508; <u>Waxler v. Trinity Marine, et al.</u>, 06-C-4507; and <u>Florida Marine Transporters v. Trinity Marine Products</u>, 06-C-4509.

On November 17, the Bankruptcy Court granted IZ's motion to dismiss the bankruptcy petition pursuant to 11 U.S.C. § 305(a)(1). Lastly, on December 18, 2006, this court granted

2

Trinity's Rule 59(e) Motion for Clarification.[3]

## II. DISCUSSION

### A. Standard of Review

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Under this section, transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F. Supp. 2d 966, 968 (N.D. Ill. 1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See Heller Fin., Inc v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

### B. Venue

The overreaching issue in this case is proper venue. As a preliminary matter, the court notes that the only reason this case was transferred to the Northern District of Illinois was due to the pending bankruptcy filed by IZ. Trinity Marine even admits, in its Response to the Bankruptcy Order that "the bankruptcy and claims against IZ that formed the basis for removal have been dismissed . . . ." Def.'s Resp. to Bkrpcy, at 4. Moreover, Judge Goldgar, in his Opinion granting IZ's motion to voluntarily dismiss its Chapter 7 case, stated that "an otherwise

---

[3]The court also notes that there is a fully briefed motion to remand on the docket.

3

needless, no-asset corporate chapter 7 bankruptcy case cannot be maintained purely to provide a venue for major civil litigation from another jurisdiction- the tiny tail on an enormous dog." In re: Int'l Zinc Coatings & Chem. Corp., (Bankr. N.D.IL. Nov. 17, 2006). Because IZ's bankruptcy has been voluntarily dismissed, there is no longer any connection to this district.

According to the original complaint filed in Louisiana State Court, Marquette's principle place of business is in Kentucky, and Iowa Fleeting Services, Inc.'s principle place of business is located in Florida. See Def.'s Not. of Removal, Ex. 1, p. 7. Furthermore, none of the Defendants are located within Illinois. Trinity Marine's principle place of business is located in Texas, Jotun Paints, Inc., Lee Engineering, Polyset Chemical Co., and Valspar Corporation are all located in Louisiana. Molecular Architects, Inc. is located in Mississippi, and International Zinc is located in New York. Id.

## C. Convenience of the Parties and Witnesses

In evaluating the convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. The private interests of the parties include: (1) plaintiff's choice of forum, (2) situs of material events, (3) relative ease of access to sources of proof in each forum, including the court's power to compel appearance of unwilling witnesses at trial, and (5) costs of obtaining attendance of witnesses. Public factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992) (Norgle, J.); see generally 15 Charles A. Wright, Arthur R. Miller & E. Cooper, Federal Practice and Procedure §§ 3849-53 (1986).

Considering all of the Medi USA factors, the court finds that transfer is appropriate. First, a plaintiff's choice of forum is given substantial weight, see In re National Presto

4

Industries, Inc., 347 F.3d 662, 663 (7th Cir. 2003); however this factor is not usually dominant. See Medi, 791 F. Supp. at 210. Furthermore, it is not the only factor a court must consider. See Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In re National Presto Industries, Inc., 347 F.3d at 664 (citing Zelinski v. Columbia 300, Inc., 335 F.3d 633, 643 (7th Cir. 2003)). "Rarely, however, is not never." Zelinski, 335 F.3d at 664. A plaintiff's choice of forum is usually not the determinative factor. See Van Holdt, 887 F. Supp. at 188. There are other significant factors in this case, such as the location of the barges which may or may not be located in Louisiana, location of documents such as contracts, warranties, and the physical Dura-Seal canisters. In other words, a majority of the evidence needed to prosecute this case is currently located in Louisiana.

Second, a majority of the material events that led to the cause of action occurred in Louisiana. The barges were sprayed with Dura-Seal while located in Louisiana, and four of the named Defendants in the various cases have their principle places of business in Louisiana.

Third, the relative ease of access to sources of proof in each forum dictate that the court must rule in favor of transfer. The relevant documents such as the contracts that relate to this case are located in Louisiana. The only contact with Illinois was IZ's bankruptcy. Two former directors of IZ lived in Illinois; however, there is no evidence in the record that IZ ever conducted business in the state. None of the parties are incorporated in Illinois, nor do they have their principle place of business within the state.

Fourth, convenience of the parties and cost of litigation favor transfer. A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another. See Media USA, L.P., 791 F. Supp. at 211. It is more convenient to transfer this case to the Eastern

5

District of Louisiana because all the material facts in this cause of action occurred in that state. In any transfer case, one party will necessarily suffer a minimal amount of inconvenience if it is required to travel to another jurisdiction, that cannot be avoided. No party has addressed the issue of whether there are any witnesses located in Louisiana. The only contact this case has with Illinois is that IZ's officers live in Illinois. That bankruptcy petition has now been dismissed. Such contact is insufficient to establish venue in the Northern District of Illinois.

## D. Interest of Justice

The interest of justice factor pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." See Coffey, 796 F.2d at 220-21. This factor may require the court to deny a motion to transfer, even though the court would otherwise find the original forum inconvenient for the parties and witnesses. See id. The interest of justice factor includes such issues as the speed at which the case will proceed to trial, the feasibility of consolidation, the court's familiarity with applicable law, the local interest in having controversies decided at home, and issues related to injunctive relief. See id. at 221; see also Law Bulletin Publishing Co. v. LRP Publications, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998).

The Eastern District of Louisiana will hear the same material facts underlying this claim. The original complaint was filed in the Louisiana state court. As a result, this case should be transferred to the court that is already familiar with the facts of the case. Third, both federal district courts are familiar with the applicable law, as "federal courts today should be capable of ascertaining and applying the laws of any state." Murphy v. Avon Prod., Inc., 88 F. Supp. 2d 853 (N.D. Ill. 1999). Fourth, Louisiana has a local interested in adjudicating cases which involve the formation and breach of contracts within its own state. Four Defendants have their principle

6

place of business in Louisiana, and have an interest in a court in their own state deciding liability and damages. Lastly, there are no issues of injunctive relief for this court to decide.

For all these reasons, the interest of justice will be served by transferring these cases to the Eastern District of Louisiana.

### III. CONCLUSION

For the reasons stated above, the court, *sua sponte*, transfers Case Nos. 06-C-4506; 06-C-4507; 06-C-4508; and 06-C-4509 to the Eastern District of Louisiana. The court orders the clerk of the court to transfer all the case files to the Eastern District of Louisiana.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 12-19-06